**PENSION BENEFIT GUARANTY CORPORATION, Plaintiff,**

**v.**

**OUIMET CORPORATION, et al., Defendants.**

**In re TENN–ERO CORPORATION, Avon Sole Company, Debtors.**

**Bankruptcy Nos. 75–1520–HL, 75–1521–HL.**

**CA 76–1314–T.**

United States District Court, D. Massachusetts.

July 14, 1982.

---

## ORDER

TAURO, District Judge.

Three sets of objections to the October 15, 1981 Memorandum on Remand and Judgment order, 14 B.R. 884, of the bankruptcy judge, acting as master in this case, were the subject of comprehensive briefs and a May 24, 1982 hearing before this court. Having considered all of the various objections raised, and the arguments addressed to those objections, the court makes findings and conclusions as follows:

1. The master's use of December 31, 1974 as the asset valuation date for determining the statutory net worths of the various companies in these proceedings is affirmed. In particular, the master's deference to Pension Benefit Guaranty Corporation's (PBGC) own choice of valuation date does not constitute reversible error, as failure to apply a proper standard of review to administrative findings, because the master explicitly stated that he did not view PBGC's choice of valuation date to be an abuse of discretion.

2. The master's use and calculation of fair market values, for determining the statutory net worths of the subject companies, is affirmed. The master made a careful inquiry into alternative approaches to valuation of the companies, and adopted the approach used by PBGC as a reasonable method for producing, consistent with ERISA, a fair and adequate reflection of the actual operations and prospects of the businesses. This court finds no error in the application of the master's valuation approach to the facts and evidence in this case.

3. This court finds no reversible error in the master's rulings concerning the calculation of the interest debts of the various companies. In view of the absence of specific statutory guidance under ERISA, the master adopted a fair and reasonable approach, the present objections to which do not justify reversal by this court. In particular, the master's ruling that the interest burden be shared between the bankrupt and solvent companies in proportion to their respective net values is consistent with the First Circuit's recognition of their responsibility in this case as that of a single "employer." *See* 630 F.2d 4 (1st Cir. 1980), *cert. denied,* 450 U.S. 914, 101 S.Ct. 1356, 67 L.Ed.2d 339 (1981) (affirming 470 F.Supp. 945 (D.Mass. 1979)). The master's findings on interest, including his conclusion that the bankruptcy laws preclude the collection of the interest debt assessed against the bankrupt companies, are hereby affirmed.

4. The master's equitable allocation of liability between the companies involved, which are jointly and severally liable to PBGC for the principal amount of the plan underfunding, and his calculation of the specific amounts owed by each company, are affirmed. For example, the master did not err in rejecting the solvent Ouimet companies' claim that they should be excused from liability for unfunded amounts for vested pension plan benefits accruing prior to Avon Sole Company's becoming a member of the "controlled group." Similarly, the master did not err in rejecting the claim of the bankrupt companies that ERISA exempts them from liability. The master's consideration of all of the companies together in calculating the "30% of net worth" ceiling for PBGC's recovery is consistent with the First Circuit's ruling (cited in # 3 *supra*) that all of the companies are to be considered as a single "employer."

5. All other objections raised, which relate to the chief issues addressed *supra,* are overruled.

For these reasons, all pending motions that seek to alter, modify or reverse the master's findings and conclusions, or any parts thereof, are denied. The master's October 15, 1981 Judgment and Memorandum on Remand are hereby affirmed in their entirety.

It is so ORDERED.